# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION

**KRISTOPHER T. QUILLIN,**
**DOC # N20929,**

    **Plaintiff,**

vs.                                                  **Case No. 4:24cv405-AW-MAF**

**WALT MCNEIL, IMANI BOLDIN,**
**RON CAVE, et al.,**

    **Defendants.**
_____/

## REPORT AND RECOMMENDATION

On October 2, 2024, the pro se Plaintiff submitted to this Court a complaint, ECF No. 2, and three motions, ECF Nos. 1, 3-4. Plaintiff is requesting leave to proceed with in forma pauperis status, ECF No. 3, the appointment of counsel, ECF No. 4, and to remove a § 1983 civil rights case from state court to this court, ECF No. 1. The motion to remove, ECF No. 1, has been considered first.

Plaintiff contends that he is an indigent inmate currently incarcerated in the Florida Department of Corrections, and he seeks to remove a civil rights case which Plaintiff says is currently pending in the Second Judicial

Circuit Court, in and for Leon County, Florida. ECF No. 1 at 1. Plaintiff explains that he never intended to file a case in "the current venue." *Id.* Rather, he submitted an "affidavit for § 1983 action" to the Supreme Court of Florida, which treated the submission as a petition for a writ of habeas corpus, and then transferred the document to the Second Judicial Circuit. *Id.* Upon transfer, the state court judge deemed Plaintiff's submission as not seeking habeas relief but a civil complaint, and he was required to submit an in forma pauperis application. *Id.* at 2.

Plaintiff complains that he misunderstood how the filing fee lien would be handled, and he paid $100.00 toward the filing fee. ECF No. 1 at 2. Plaintiff contends he has no means to pay additional money toward the filing fee and requests this Court to "waive any successive filing fee" and, instead, credit Plaintiff with the fee already paid. *Id.* Plaintiff requests that he be permitted to "remove and transfer" his case to this Court. *Id.*

Attached to Plaintiff's motion is a copy of a state court order which denied Plaintiff's motion to transfer his case to federal court, ECF No. 1-1 at 1. Plaintiff points out that the state court judge said he would "not object" to Plaintiff removing the case. *Id.* That order was entered in early June, 2024. *Id.*

The problem for Plaintiff is that the federal removal statute states that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, *may be removed by the defendant or the defendants*, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a) (emphasis added). The removal statute only permits a defendant to remove a civil action, not the Plaintiff. The reason is obvious: Plaintiff had the choice of where to file his case in the first place. If he believed it was improperly filed in state court, Plaintiff could have voluntarily dismissed his case and filed a new case in federal court. However, the removal statute does not grant authority for Plaintiff to remove his § 1983 case[1] to federal court. Thus, his motion to remove his case from state court, which he describes as "urgent," must be denied.

Additionally, it appears Plaintiff's case has been pending in state court for 21 months, since January 6, 2023. ECF No. 1-2 at 1. An Order to Show Cause was entered in late August 2024, requiring Plaintiff to show good cause for his failure to timely serve the Defendant with process.

---

[1] The Court has reviewed Plaintiff's complaint, ECF No. 2, which raises claims concerning the conditions of his confinement and is properly deemed to be a civil rights case. In addition, Plaintiff seeks monetary relief, not release from prison. *Id.*

Case No. 4:24cv405-AW-MAF

Plaintiff cannot remove his state court case nearly two years after case initiation to avoid dismissal.

Moreover, upon removing an action to federal court, this Court's $405.00 filing fee must be paid. Plaintiff cannot receive credit for the $100.00 payment made in state court. The in forma pauperis statute, 28 U.S.C. § 1915, provides that for a prisoner-Plaintiff to proceed in this Court, the prisoner must either pay the filing fee up-front in one lump sum, or be granted in forma pauperis status. If Plaintiff were granted in forma pauperis status, it would result in the same process Plaintiff has complained about in state court - a lien would be placed upon his inmate bank account, not his driver's license.[2] *See* 28 U.S.C. § 1915(b)(1).[3]

## **RECOMMENDATION**

For all the foregoing reasons, it is respectfully **RECOMMENDED** that Plaintiff's urgent motion to remove this case from state court, ECF No. 1,

---

[2] Plaintiff said that he "was led to believe the filing fee would place a $425 lien on [his] Driver's License." ECF No. 1 at 2. That is nonsensical; points may be assessed against a driver's license for certain driving infractions, but not a financial lien.

[3] A prisoner is "required to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1). However, in forma pauperis status means that a prisoner-Plaintiff could pay the fee in monthly installments. Prisoners are "required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account" until the full amount of the filing fee is paid. 28 U.S.C. § 1915(b)(2).

be **DENIED** and this case be **DISMISSED** because removal is not permissible under 28 U.S.C. § 1441. It is also **RECOMMENDED** that all other pending motions be **DENIED**.

**IN CHAMBERS** at Tallahassee, Florida, on October 7, 2024.


 S/    Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u> If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.